UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 CR 396 |
| | ) | |
| ABDUL RAIMI MAMAH, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant's, Abdul Raimi Mamah ("Mamah"),

*pro se* petition for a writ of error *coram nobis* pursuant to the All Writs Act (28 U.S.C.

§ 1651). For the reasons set forth below, the petition is denied.

The All Writs Act is a residual source of authority to issue writs that are not

otherwise covered by statute. Where a statute specifically addresses the particular issue

at hand, it is that authority, and not the All Writs Act, that is controlling. <u>Carlisle</u>, 517

U.S. at 428-29, 116 S. Ct. 1460 (emphasis added, quotation omitted).

The writ of *coram nobis* is reserved for compelling circumstances because

frequent use would discard the benefit of the finality of judgments. <u>United States v.</u>

<u>Keane</u>, 852 F.2d 199, 202 (7th Cir. 1988), cert. denied 490 U.S. 1084 (1989). The writ

generally provides the same relief as a writ of *habeas corpus*. Howard v. United States, 962 F.2d 651, 653 (7th Cir. 1992), citing United States v. Bonansinga, 855 F.2d 476, 478 (7th Cir. 1988). Consequently, *coram nobis* petitions are only available to convicted defendant's already released from federal custody. United States v. Craig, 907 F.2d 653, 656 (7th Cir.1990); see also United States v. Bush, 888 F.2d 1145, 1147 (7th Cir.1989). Because Mamah is currently in custody a writ of *coram nobis* is unavailable and a § 2255 petition would be the proper vehicle for attacking his conviction and/or sentence.

Petitions brought under 28 U.S.C. § 2255 are governed by a 1-year period of limitation that runs from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

When a federal prisoner does not file a petition for certiorari following affirmance of their conviction, "§ 2255's one-year limitation period begins to run when the defendant's time for seeking review by [the Supreme Court] expires." Clay v. U.S., 537

U.S. 522, 123 S. Ct. 1072, 1076 (U.S.,2003). Mamah did not file a petition for a writ of certiorari. The time in which he could have done so expired on September 9, 2003, 90 days after entry of the Court of Appeals' judgment. Id. Mamah had one year from that date to file for § 2255 relief, which he did not do. The present *coram nobis* petition was not filed until October 31, 2005, a year and 51 days after the limitations period expired. Mamah has not provided any justifiable reason why the period of limitation should not have began at some later date. Although he does contend that the Supreme Court's holdings in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 124 S. Ct. (2004), were violated, those cases do not apply retroactively. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). Consequently, we could not even construe the present petition as a § 2255 petition because of its tardiness.

Based upon the foregoing analysis, Mamah's petition for a writ of error *coram nobis* is denied.


Charles P. Kocoras
Chief Judge
United States District Court

Dated: ꞮJAN 2 9 2006

-3-